IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| FRANCISCO CASTILLO- CELAYA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:17-CV-97-Z |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITIONER'S MOTION TO VACATE**

Before the Court is the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* filed by petitioner FRANCISO CASTILLO-CELAYA. For the reasons set forth below, petitioner's motion should be DENIED.

I.
BACKGROUND

On April 29, 2015, petitioner was charged by Complaint with the felony offense of Illegal Re-Entry After Deportation in violation of 8 U.S.C. § 1326(a) and 6 U.S.C. §§ 202(3), 202(4) and 557. *United States v. Castillo-Celaya,* No. 2:15-CR-57. [ECF 1]. The office of the Federal Public Defender was appointed to represent petitioner in the criminal proceeding. [ECF 7]. On May 21, 2015, petitioner was charged by Indictment with the same offense. [ECF 12].

On July 2, 2015, petitioner filed with the Court a written Plea Agreement wherein he acknowledged the maximum penalties the Court could impose, stated he understood the Court would impose the sentence after consideration of the United States Sentencing Guidelines and statutory factors, and was aware that the guidelines were not binding on the Court. [ECF 22 at

2]. Petitioner also acknowledged he had reviewed the guidelines with his counsel but understood no one could predict with certainty the outcome of the Court's consideration of the guidelines in his case, acknowledged he would not be allowed to withdraw his plea if his sentence was higher than expected, and also that he fully understood the actual sentence imposed was solely in the discretion of the Court. [*Id.* at 2-3]. Petitioner averred his guilty plea was freely and voluntarily made, that there had been no guarantees or promises from anyone as to what sentence the Court would impose, and that he had thoroughly reviewed all legal and factual aspects of his case with his lawyer and was fully satisfied with his attorney's legal representation. [*Id*. at 4]. Petitioner also acknowledged that because he was pleading guilty to Illegal Re-entry After Deportation, his removal from the United States was presumptively mandatory and automatic but that he nevertheless wanted to plead guilty regardless of any immigration consequences. [*Id*. at 4-5].

On that same date, petitioner pleaded guilty to the Indictment. [ECF 25]. At the rearraignment, averred he understood all of the Court's sentencing admonishments, instructions concerning the sentencing process, and notices of his rights. [ECF 40 at 7-8]. Petitioner advised he understood the Indictment, Factual Resume and Plea Agreement, and acknowledged he wanted to make the agreement despite the immigration consequences of his guilty plea. [*Id*. at 9-10]. Petitioner also averred no one had threatened him in any way to try to force him to plead guilty. [*Id*. at 10]. As a result, the Court found petitioner entered his plea of guilty freely and voluntarily, with an understanding of the charge against him and the maximum and minimum penalty under the law.

In a written Order entered the same date, the district judge, finding petitioner understood the charge against him, the penalty that could be imposed, as well as the consequences of his plea, determined petitioner's guilty plea was voluntary and accepted and entered his plea. [ECF 25].

On July 29, 2015, a Presentence Report (PSR) determined that based on a Total Offense Level of 21 (which included a 16-level increase for being deported after a prior alien smuggling felony conviction) and a Criminal History Category of II, petitioner's Guideline Imprisonment Range was 41 months to 51 months. [ECF 27-1 at 9]. The PSR set out in detail petitioner's personal and family data and reflected petitioner had indicated he sent a substantial portion of his monthly earnings to his family in Mexico. [*Id*. at 7-9]. The PSR also stated petitioner was deportable from the United States and found no identifiable factors warranting a departure from the applicable sentencing guideline range. [*Id.* at 10-11]. On August 20, 2015, petitioner filed a pleading adopting the PSR, but noted the Unites States Sentencing Commission had indicated a court should not ordinarily impose supervised release in cases where the individual is a deportable alien and supervised release is not statutorily required, and requested that no supervised release be imposed. [ECF 29 at 1].

On September 4, 2015, counsel for petitioner filed a Motion for Downward Departure explaining petitioner "first came to the United States in 2001 looking for better work and a better life," and advising that he "stayed away from the United States as long as possible until America's promise of better work and a better tomorrow required him to come back." [ECF 32 at 1, 3]. Counsel also argued the applicable offense level substantially overstated the seriousness of his prior conviction, detailing petitioner's minimal role in the illegal conduct and his subsequent cooperation with authorities. Counsel requested the Court downwardly depart from the 41-51 month sentencing range recommended in the PSR. Counsel also attached to the motion handwritten correspondence from petitioner wherein he apologized for re-entering the country illegally but explained the necessity for his actions, and expressed his gratitude to and love for the United States. [ECF 32-4].

On September 8, 2015, the Court held petitioner's sentencing hearing. [ECF 33]. At the hearing, petitioner acknowledged he had read the PSR with the help of an interpreter, understood it, and had no objections to the PSR. [ECF 41 at 5-6]. At the hearing, defense counsel acknowledged she had no objections to the PSR, but reiterated the defense's position in the Motion for Downward Departure that the sixteen-level enhancement substantially overstated the seriousness of petitioner's prior conviction and requested the Court consider the factors outlined in 18 U.S.C. § 3553(a) in assessing petitioner's sentence. [*Id.* at 6 -7]. The Court then sentenced petitioner to a 45-month term of imprisonment in the Federal Bureau of Prisons, a sentence in the mid-range of the recommended guideline range, and explained "[t]he sentence [was] necessary to address the Court's sentencing objectives of punishment and deterrence and will serve to protect the public." [*Id*. at 8]. The Court also stated it had "considered the nature of the offense, and the characteristic of the Defendant as set forth in [18 USC §] 3553(a)." [*Id*.]. [*See also* ECF 35 at 4]. The Court also ordered that upon release from incarceration, petitioner be placed on supervised release for three (3) years, explaining it imposed the three-year supervised release "because the Court believes it's appropriate to monitor the Defendant's behavior. He has shown that he is likely to return to the United States. And it will offer additional sanctions should he return to the United States illegally within the three-year period." [*Id*.]. The Court entered Judgment that same date. [ECF 34].

Petitioner, represented by the Federal Public Defender's appellate division, timely appealed his conviction and sentence to the United States Court of Appeals for the Fifth Circuit challenging the procedural and substantive reasonableness of his three-year term of supervised release.[1] [ECF 36]. On December 6, 2016, the appellate court affirmed the judgment of the

---

[1] On February 17, 2016, while his direct appeal was pending, petitioner filed a pro se motion to vacate his sentence. [ECF 42]. *Castillo-Celaya v. United States*, No. 2:16-CV-26 [ECF 1]. On March 21, 2016, petitioner's motion to vacate was dismissed.

district court. *United States v. Castillo-Celaya*, No. 15-10889. [ECF 43, 58].

On May 4, 2017, petitioner placed the instant motion to vacate his sentence in the prison mailing system, such motion being received and filed of record on May 26, 2017. *Castillo-Celaya v. United States*, 2:17-CV-97 [ECF 3]. On July 26, 2017, the Government filed its response in opposition to petitioner's motion. [ECF 7]. Petitioner did not file a reply to the Government's response.[2]

## II.
## PETITIONER'S ALLEGATIONS

In this motion to vacate, petitioner appears to argue both his conviction and sentence are in violation of the Constitution and laws of the United States for the following reasons:

1. Petitioner was denied effective assistance of counsel in his criminal proceeding because trial counsel:

    a. misadvised petitioner that he was eligible for and would be placed in a "fast-track" program for illegal reentry prosecutions;

    b. never "helped" petitioner in any way and failed to keep petitioner informed regarding the proceedings and any waiver of rights; and

    c. failed to argue petitioner's mitigating circumstances at sentencing.

2. Petitioner's guilty plea was unknowing.

## III.
## MERITS

In its response filed July 26, 2017, the Government thoroughly and accurately briefed

---

[ECF 6, 7].

[2] On August 3, 2018, petitioner discharged his term of imprisonment and was released from incarceration. However, as petitioner appears to challenge both his underlying conviction and overall sentence in this proceeding, his three-year period of supervised release appears to still be in effect, and the undersigned has not been advised of petitioner's deportation or, if deported, of his inability to return for any necessary resentencing, the undersigned finds his motion to vacate is not moot. *Cf. United States v. Heredia-Holguin*, 823 F.3d 337 (5th Cir. 2016); *United States v. Villanueva-Diaz*, 634 F.3d 844, 848-49 (5th 2011); and *United States v. Lares-Meraz*, 452 F.3d 352, 355 (5th Cir. 2006).

statutory authority and case law regarding the applicable standards of review for relief under 28 U.S.C. § 2255 proceedings, and for reviewing claims of ineffective assistance of counsel (IAC) under *Strickland v. Washington*, 466 U.S. 668, 689 (1984) and its progeny.  [ECF 7 at 4-7].  The Court notes its obligation to follow these clearly established standards without the need of repeating the Government's briefing.

### A.  IAC – Failure to "Help," Advise of Waiver, or Keep Informed

Petitioner also asserts defense counsel was deficient simply because she "never helped [him] in any way."  Petitioner specifically contends, however, that counsel failed to advise him that by pleading guilty he was "giving up" his right to "collateral[ly] attack" his conviction and sentence, and failed to timely advise him of his sentencing hearing, with petitioner only learning of his sentencing when he was "physically in the court room."[3]  Petitioner appears to assert he was prejudiced by counsel's performance as reflected by the 45-month sentence he received.

Petitioner's generalized claim that counsel was deficient because she "never helped" him is non-specific and conclusory and insufficient to raise a constitutional claim of ineffective assistance of counsel.  *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (conclusory allegations are insufficient to prove a claim of ineffective assistance of counsel).  Petitioner fails to identify, with particularity, what actions counsel *failed to take* to "help" petitioner, what additional steps counsel *should have taken* to aid petitioner's defense, or how such actions or additional steps taken by counsel would have benefitted petitioner or the outcome of his case. Petitioner's claim that counsel's performance was deficient on this basis is without merit.

Petitioner's contention that counsel was deficient for failing to advise him his guilty plea

---

[3]On the afternoon of September 3, 2015, the district judge entered an order setting petitioner's sentencing for five (5) days later on September 8, 2015 at 9:30 a.m.  [ECF 31].

would waive his right to collaterally attack his conviction and sentence is also without merit. Petitioner's guilty plea did not waive any right of collateral review, nor did petitioner waive such rights in his plea agreement. In fact, this collateral proceeding challenging petitioner's conviction is progressing in due course. Counsel was not deficient for failing to advise petitioner of a non-existent waiver.

Although he now maintains counsel did not give him advance notice of his sentencing date, petitioner did not complain of the lack of notice of the sentencing to the district judge at the sentencing hearing, nor did he raise this claim in any other immediate post-judgment pleading or correspondence. In fact, despite his self-serving statements, petitioner has not demonstrated he was not aware of the purpose for which he was being brought to court on September 8, 2015. Moreover, petitioner has not otherwise shown he was not prepared for sentencing or shown how additional advanced notice of his sentencing hearing from his counsel, noting counsel had less than five (5) full days of notice of the sentencing, would have changed the outcome of his case. Petitioner has not demonstrated any deficiency on the part of defense counsel.

### B.   IAC - Sentencing

On September 4, 2015, counsel filed a *Motion for Downward Departure and Sentencing Memorandum* presenting various mitigating circumstances justifying a lesser sentence, including an explanation that petitioner was in the United States for "better work," a "better life" and a "better tomorrow." [ECF 32]. Counsel attached to the motion/memorandum a copy of a letter from petitioner to the district judge wherein he explained, *inter alia*, his need to provide for his children and desire to work hard "to make enough money to send back to [his] family and to better [his] life." [ECF 32-4]. Petitioner appears to argue, however, that counsel's statements and his own personal letter did not sufficiently present to the sentencing judge petitioner's "personal

excruciating circumstances," namely "the fact [that he has] to support [his] family who are U.S. citizens." Petitioner thus contends counsel was deficient in failing to further specifically argue petitioner's need to support his family, who he now claims are U.S. citizens, as a mitigating circumstance justifying a lesser sentence.

The undersigned initially notes the PSR, based on information specifically provided by petitioner, indicates all of petitioner's identified family members, with the exception of one brother whose location was unknown, reside in Mexico. [ECF 27-1 at 7-8]. The citizenship of his family, including two children who also reside in Mexico with their mothers, was not addressed. Petitioner has not substantiated his assertion that he has "to support [his] family who are U.S. citizens," nor has he demonstrated he advised counsel of this specific circumstance or that counsel was aware of this specific circumstance. Petitioner fails to establish counsel performed deficiently for failing to argue petitioner's need to support his family, U.S. citizens, as a mitigating factor. As noted above, however, counsel did notify the Court that petitioner came back to the United States for the purpose of working which logically would have been to support himself and his family, regardless of their citizenship.

Moreover, the district judge sentenced petitioner to a term of imprisonment in the mid-range of the recommended guideline range, explaining such a sentence was necessary for punishment, deterrence and to protect the public. Petitioner has not attempted to show how counsel's presentation of this particular circumstance, even if true, would have favorably impacted his sentence. Petitioner cannot demonstrate the requisite prejudice to succeed on a claim of ineffective assistance of counsel. Petitioner's claim that counsel was deficient in failing to present this specific argument as mitigating evidence for a lesser sentence, and that he was prejudiced by such failure, is without merit. This claim of ineffective assistance of counsel

should be denied.

### C. IAC – Alleged Unfulfilled Promise/Coercion and Voluntariness of Plea

Petitioner initially contends trial counsel was deficient because she promised him, prior to sentencing, that she had "applied for" his participation in a "fast track" program for illegal re-entry prosecutions and that he qualified for such a program.[4]  Petitioner maintains counsel promised him that his participation in this "fast track" program meant his case would "be disposed of more quickly than normal," that the Government would "ask the Court to impose a lower, non-guideline sentence," and that he would "qualify for the new law for reentry for the 16-level."  Petitioner notes he was not "fast-tracked," thereby evidencing counsel's unfulfilled promise, and appears to argue he was prejudiced by counsel's unfulfilled promise because his reliance on such promise induced him to plead guilty.

Petitioner also appears to directly argue his guilty plea was involuntary as a result of coercion on the part of defense counsel who "pushed" him to plead guilty.[5]  Petitioner also contends his guilty plea was unknowing because of his limited understanding of the English language, or "the language barrier," in addition to his "limited knowledge of the laws."  Petitioner contends that as a result of these impediments, he was not able to "full[y] understand all [of the] proceedings."  Petitioner argues that as a result of his involuntary and unknowing guilty plea, he "forfeit[ed] some benefits."

To be constitutionally valid, a guilty plea must be knowing and voluntary.  *Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir. 1989).  Thus, a guilty plea may be invalid if induced by

---

[4]*See United States v. Gomez-Herrera*, 523 F.3d 554 (5th Cir. 2008) for a history of fast track programs.

[5]Although petitioner appears to have made this assertion as a claim of ineffective assistance of counsel, the undersigned has construed this statement as a direct claim that counsel's alleged coercion rendered petitioner's plea involuntary and addresses petitioner's claim in that context.

defense counsel's unkept promises. *See id*. On the other hand, a defendant ordinarily will not be heard to refute his testimony given at a plea hearing while under oath. *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985). "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977).

To obtain relief on an allegation of an alleged unfulfilled promise that is inconsistent with representations made in open court, petitioner must conclusively show: (1) the exact terms of the alleged promise; (2) exactly when, where, and by whom the promise was made; and (3) the precise identity of an eyewitness to the promise. *Unites States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Petitioner has failed to meet this burden.

The Court initially notes petitioner's plea agreement does not reference any such "promise," nor did petitioner advise the district judge, at the time of his guilty plea at re-arraignment, of his belief of the existence of such a promise. Additionally, there is no reference to a "fast track" program, or any alleged belief on petitioner's behalf that he would be participating in such a program, in petitioner's PSR. At his sentencing hearing, petitioner stated he had no objections to the PSR and chose not to make any personal statements to the Court. Moreover, on direct appeal of his conviction, petitioner did not reference any "fast track" program, much less assert that his attorney promised he would be participating in such a program and had violated such a promise. In fact, the first and only time petitioner has made any reference to such a "fast track" program or a promise by counsel that he would be in such a program is in the instant motion to vacate.

In this collateral proceeding, petitioner has failed to produce any independent indicia of the likely merit of his allegations (typically in the form of one or more affidavits from reliable third

parties). In addition, petitioner has failed to make any other showing inconsistent with the bulk of his conduct, or demonstrated other evidence existing in the record proves the likely merit of his specific allegation of a promise (*see* specifics of the written plea agreement and rearraignment, *supra*). Moreover, to demonstrate the prejudice required for an ineffective assistance of counsel claim, petitioner must show there is a reasonable probability that, but for counsel's deficient actions, he would not have pleaded guilty but, instead, would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Petitioner has not alleged, much less shown any reasonable probability, that he would have insisted on going to trial if not for defense counsel's alleged unfilled promise. Petitioner's claim that he was denied the effective assistance of counsel as a result of defense counsel's unfulfilled promises, and that such promises induced his guilty plea, presumably to such an extent that it was involuntary, is without merit and should be denied.

Petitioner also contends his guilty plea was involuntary because defense counsel "pushed" him to plead guilty.[6] If a plea is the result of force, threats, improper promises, deception, misrepresentation, or coercion it is not voluntary. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). Although asserting counsel "pushed" him to plead guilty, petitioner does not describe how he was "pushed," how any such prodding may have affected petitioner's independent decision making or amounted to a level of coercion sufficient to render petitioner's plea involuntary. Moreover, petitioner's sworn statements at rearraignment directly refute his current claim of coercion. Again, petitioner has proffered no independent indicia of the likelihood of the merits of his claims. Petitioner's direct claim that his guilty plea was involuntary is without merit and should be denied.

---

[6]Although respondent accurately argues any claims petitioner asserts of an unknowing or involuntary plea are most likely procedurally barred as a result of his failure to raise such claims on direct appeal [ECF 7 at 14], the undersigned has nonetheless addressed petitioner's claims.

Petitioner also contends his guilty plea was unknowing because of his limited understanding of the English language, or "the language barrier," in addition to his "limited knowledge of the laws." Petitioner contends these impediments hindered his ability to "full[y] understand all [of the] proceedings."

A plea is intelligently made when the criminal defendant has "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (*quoting Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). In determining whether a plea is intelligent, "the critical issue is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991). Here, although petitioner contends his guilty plea was unknowing, he fails to specify what exactly he did not know or did not understand with regard to his plea at the time he entered it, how his limited knowledge of the law rendered his guilty plea involuntary when he was represented by counsel, or how any limitations in language affected his decision to plead guilty when he had the assistance of an interpreter. Although petitioner asserts it was his understanding that he would "qualify for the new law for reentry," he fails to not only identify what "new law" he is referring to, but also how it would have applied to him or altered his decision to enter a guilty plea, or how this misperception, if in fact there was one, affected the validity of his guilty plea. As argued by respondent, petitioner's allegations are unsupported and entirely conclusory. Such generalized claims, in and of themselves, are insufficient to establish his guilty plea was unknowing.

Moreover, in his Plea Agreement, as well as through his sworn statements at rearraignment (*see supra*), petitioner attested to his understanding of the consequences of his guilty plea, the possible penalties, and the immigration consequences. *See Blackledge v. Allison*, 431 U.S. 63,

74 (1977) ("solemn declarations in open court carry a strong presumption of verity."); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985) (official documents, such as a written plea agreement, are "entitled to a presumption of regularity and are accorded great evidentiary weight."). In addition, petitioner fails to show he was prejudiced by his alleged unknowing guilty plea. Petitioner's vague assertion that he "forfeit[ed] some benefits" by pleading guilty is conclusory and inadequate to establish a constitutional violation with regard to the knowingness of his guilty plea. Petitioner's claim that his guilty plea was unknowing because of his limited understanding of English or his "limited knowledge of the laws" is without merit and should be denied.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* filed by petitioner FRANCISCO CASTILLO-CELAYA be DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of the Findings, Conclusions and Recommendation to petitioner and to each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED September 18, 2019.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).